

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARESA BAGLEY,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:16-CV-0420-N (BF) |
| PENNYMAC CORP.,<br>    Defendant. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant PennyMac Corp.'s Motion to Dismiss [D.E. 5]. This case was referred to the undersigned for pretrial management. *See* Special Order 3. Based on the parties briefing, the undersigned recommends as follows.

Plaintiff Claresa Bagley ("Bagley") raises several new causes of action in her Response. *See* Pl.'s Resp. [D.E. 8 at 5-9]. These causes of action include violations of the Texas Deceptive Trade Practices Act, Texas Debt Collection Practices Act, gross negligence, declaratory judgment, and Racketeer Influence and Corrupt Organizations Act. *Id.* [D.E. 8 at 5-9]. These claims are added to the causes of action included in Plaintiff's Original Petition. *See* Pl.'s Pet. [D.E. 1-8 at 53].

In this Circuit, when a pro se party raises new claims in a response, it should be construed as a motion to amend their pleadings. *Bunch v. Mollabashy*, No. 3:13-CV-1075-G, 2015 U.S. Dist. LEXIS 38717 at *33 (N.D.Tex. Mar. 26, 2015) (Fish, J.) (citing *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992). Therefore, the undersigned recommends that Bagley be permitted to amend her Original Petition.

### RECOMMENDATION

Because Bagley has added new claims in her response to Defendant's Motion to Dismiss, and

these new claims should be construed as a motion to amend, the undersigned recommends that Defendant's Motion to Dismiss be **DENIED as moot**. The undersigned also recommends that Bagley be permitted fourteen (14) days to file an amended petition.

SO RECOMMENDED, this 2 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).