UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLARESA BAGLEY, §
    Plaintiff, §
§
v. § No. 3:16-CV-00420-N (BF)
§
PENNYMAC CORP., §
    Defendant. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court referred this removed civil action to the United States Magistrate Judge Paul D. Stickney for pretrial management. *See* New Case Notes, ECF No. 3. Before the Court is Defendant PennyMac Corp.'s Motion for Summary Judgment [ECF No. 24]. For the following reasons, the district court should **GRANT** Defendant's Motion.

## Background

This case arises out of foreclosure proceedings against Claresa Bagley's ("Plaintiff") home at 2211 Stillwater Drive, Mesquite, Texas (the "Property"). Am. Compl. 2, ECF No. 16. Plaintiff originally filed this action against Defendant PennyMac Corp.[1] ("PennyMac") on February 2, 2016, in the 192nd District Court of Dallas County, Texas. Notice of Removal 1, ECF No. 1. On February 15, 2016, PennyMac timely removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331. *Id.* On October 19, 2016, this Court recommended to the district court to grant in part and deny in part PennyMac's Motion to Dismiss [ECF No. 17]. R. & R. 1, ECF No. 20. On December 9, 2016, the district court accepted this Court's findings, conclusions, and recommendation allowing Plaintiff to proceed on her only remaining claim under 12 U.S.C. § 2605 of the Real Estate Settlement Procedures Act

---

[1] The Court notes, as raised in PennyMac's motion, that Plaintiff has sued PennyMac Corp., not PennyMac Loan Services. Def.'s Br. 6, ECF No. 25. Since Plaintiff is proceeding *pro se* the Court liberally construes her complaint to allege her causes of action against PennyMac Loan Services.

1

("RESPA"). Order 1, ECF No. 23. PennyMac now moves for summary judgment on this claim pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). Def.'s Br. 4, ECF No. 25; FED. R. CIV. P. 56(c). PennyMac filed its Motion for Summary Judgment on January 17, 2017. *See* Docket. The local civil rules require that a response be filed within twenty-one days of an opposed motion being filed. LOC. CIV. R. 7.1(e). That would place the deadline for Plaintiff's response on or about February 7, 2017. *See id.* The deadline has long since passed, and Plaintiff has not filed her response. *See* Docket. Although Plaintiff's failure "to respond does not permit entry of a 'default' summary judgment, the court is permitted to accept the movant's evidence as undisputed." *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). The Court therefore considers Defendant's motion without the benefit of a response. This motion is ripe for determination.

**Legal Standard**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally

construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## Analysis

### RESPA

Plaintiff alleges she acquired the Property in 2005 and subsequently executed a Deed of Trust with Mortgage Electronic Registration Systems, Inc. ("MERS") on December 15, 2008. R. & R. 1, ECF No. 20. MERS assigned the Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, L.P. FKA Countrywide Home Servicing, L.P. ("BANA") on October 3, 2011. *Id.* On July 31, 2015, BANA assigned the Deed of Trust to PennyMac. *Id.* at 2. PennyMac is current servicer of the loan. Def.'s Br. 2, ECF No. 25. On February 2, 2016, PennyMac foreclosed[2] on the Property. *Id.* at 3.

Plaintiff alleges that RESPA required PennyMac to send her a Notice of Transfer and Servicing Disclosure. Am. Compl. 3, ECF No. 16. Plaintiff's complaint states "[a]ccording to RESPA and 24 []CFR [§] 3500.21 [']each transferor servicer and transferee servicer of any

---

[2] PennyMac, as a mortgage servicer, had the authority to foreclosure on the Property. A deed of trust gives the lender as well as the beneficiary the right to invoke the power of sale, even though such parties may not also own or hold the note. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Texas law provides that either a mortgagee or a mortgage servicer may administer a deed of trust foreclosure. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. 2011) (per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025). A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." *Id.* § 51.0001(3).

3

mortgage servicing loan shall deliver to the borrower a written Notice of Transfer, containing the information described in paragraph (d)(3) of this section, of [any] assignment, sale, or transfer of[] the servicing of the loan.[']" *Id.* at 2-3. Plaintiff alleges that the failure to give her notice of the transfer to PennyMac caused her to continue to make payments to BANA instead of PennyMac. *Id.* at 3. Plaintiff asserts she never received information required under RESPA that PennyMac became the holder of the note. *Id.*

Section 2605(c)(1) of RESPA provides, "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. § 2605(c)(1). Under § 2605(c)(2)(A), "[e]xcept as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made)." 12 U.S.C. § 2605(c)(2)(A). On June 11, 2015, BANA sent Plaintiff a letter notifying her of their transfer of the servicing of the loan to PennyMac which was to occur on July 2, 2015. Def.'s App. Ex. A-2 at 11, ECF No. 26-1. On June 22, 2015, PennyMac sent Plaintiff notice of the transfer of the servicing of the loan from BANA. App. Ex. A-3 at 18. On July 13, 2015, PennyMac again sent Plaintiff a letter stating BANA transferred the loan to PennyMac, effective July 2, 2015, and that Plaintiff owed $138,115.28 on the Property. App. Ex. A-4 at 23-25. PennyMac states in the letter "[t]his notification is a requirement of Section 6 of [RESPA] (12 U.S.C. [§] 2605)." App. at 24.

Plaintiff does not provide sufficient evidence that PennyMac failed to comply with § 2605(c)(1). The summary judgment evidence establishes that PennyMac timely sent Plaintiff the required notifications of the transfer of the loan. Def.'s App. 11-23, ECF No. 26-1. Plaintiff also presents no evidence to contradict the following admissions due to her failure to respond to PennyMac's requests for admissions: (1) Plaintiff suffered no damages by any action of

4

PennyMac; (2) PennyMac is the current mortgagee and loan servicer; (3) BANA notified her of the transfer to PennyMac; (4) PennyMac notified her it would begin servicing the loan effective July 2, 2015; and (5) Plaintiff has no evidence PennyMac did not send her the notice of service transfer letter. Def.'s Br. 3, 5, ECF No. 25; FED. R. CIV. P. 36(a)(3)( "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").[3] These admissions are essential issues to Plaintiff's claims and serve as a basis for the granting of summary judgment to PennyMac. While the Court liberally construes filings made by *pro se* litigants, the Court is not obligated under Rule 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *3 (N.D. Tex. 2012), *R. & R. adopted*, No. 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex. 2012).

Further, Plaintiff fails to allege or provide summary judgment evidence that she has suffered any damages. Def.'s Br. 7, ECF No. 25. In order to recover, a borrower *must* show "actual damages to the borrower as a result of the [servicer's] failure" to comply with RESPA. *Law v. Ocwen Loan Serv., L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014) (per curiam) (citing 12 U.S.C. § 2605(f)(1)). "[A] plaintiff must allege actual damages resulting from a violation of § 2605." *Bittinger v. Wells Fargo Bank N.A.*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010) (citing § 2605(f)(1)(A)); *Martin v. Wells Fargo Bank, N.A.*, No. 4:11-CV-442, 2013 WL 694009, at *6 (E.D. Tex. 2013); *Akintunji v. Chase Home Fin., L.L.C.*, 2011 WL 2470709, 2 (S.D. Tex. 2011);

---

[3] Pursuant to Rule 56(c)(1)(A), admissions are proper summary judgment evidence that can be used to show that there is an absence of a genuine issue of material fact. *See* FED. R. CIV. P. 56(c)(1)(A); *Estate of Newton v. Grandstaff*, No. 3:10-CV-809-L, 2013 WL 230252, at *3 (N.D. Tex. 2013). Summary judgment can be granted where deemed admissions are regarding essential issues for plaintiff's claims. *See Tranman, Inc. v. Griffin*, 3:11-CV-1046-M, 2013 WL 944502, at *4 (N.D. Tex. 2013) (citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)).

*Mason v. Bank of Am., Nat. Ass'n*, No. 4:12-CV-291, 2013 WL 1313773, at *8 (E.D. Tex. 2013), *R. & R. adopted*, No. 4:12-CV-291, 2013 WL 1313769 (E.D. Tex. 2013); *Kareem v. American Home Mortg. Serv., Inc.*, 479 Fed. App'x 619, 620 (5th Cir. 2012) (affirming granting of summary judgment where there was no evidence of failure to comply with RESPA's requirements and no evidence of actual damages suffered).

As the nonmovant, Plaintiff fails to show that summary judgment is not proper on this claim. Again, the Court is not obligated under Rule 56 to search the record for evidence of a party's opposition to a summary judgment motion. Therefore, the district court should grant PennyMac's Motion for Summary Judgment on Plaintiff's RESPA claim.

### Declaratory and Injunctive Relief

Plaintiff requests for a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code cannot stand on its own. Plaintiff has failed to allege any valid claims against PennyMac. A declaratory judgment "is a procedural device and does not create a substantive cause of action." *Carter v. Bank of Am., N.A.*, No. 3:12-CV-4550-B, 2013 WL 1482610, at *3 (N.D. Tex. 2013) (citing *Valdez v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *3 (N.D. Tex. 2011)). "A request for declaratory judgment under state law is [] considered as a claim under the federal Declaratory Judgment Act." *Bonilla v. Wells Fargo Bank, N.A.*, No. H-15-3412, 2016 WL 5661706, at *4 (S.D. Tex. Sept. 29, 2016) (citing 28 U.S.C. § 2201). "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." *Id.* (quoting *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. App'x 398, 400 (5th Cir. 2011) (citing *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). Therefore, the remedy of declaratory judgment is inappropriate. The district court should deny Plaintiff's request for an accounting and declaratory judgment. *See Carter*, 2013 WL 1482610, at *3 (dismissing plaintiff's declaratory judgment

requests where plaintiff failed to allege any viable causes of action); *see also Hurd v. BAC Home Loans Serv., L.P.*, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012) (converting a request for relief under the Texas Declaratory Judgments Act into an action brought under the federal Declaratory Judgment Act after removal, and holding that the availability of a declaratory judgment depends on the existence of a valid claim).

To the extent Plaintiff brings a claim for injunctive relief, *see* Am. Compl. 7 [ECF No. 16], this should also be denied. A request for injunctive relief under Texas law is not in and of itself a cause of action, but instead is predicated on an underlying cause of action. *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); *see also Butanaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Because Plaintiff has failed to demonstrate any well-founded causes of action against PennyMac, there is no underlying cause of action for which the Court can provide this equitable remedy. Accordingly, Plaintiff's request for injunctive relief should be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the district court should **GRANT** PennyMac's Motion for Summary Judgment [ECF No. 24] in its entirety and dismiss Plaintiff's case with prejudice.

**SO RECOMMENDED**, this ___1___ day of May, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).